1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

WILLARD DOWNEY,                          )    1:09-cv-0812 SKO
11                                       )
                                         )    **ORDER REQUIRING PARTIES TO**
12              Plaintiff,               )    **SUBMIT ADDITIONAL BRIEFING**
                                         )    **REGARDING PLAINTIFF'S**
13         v.                            )    **APPLICATION FOR ATTORNEYS' FEES**
                                         )    **AND EXPENSES PURSUANT TO THE**
14    MICHAEL J. ASTRUE,                 )    **EQUAL ACCESS TO JUSTICE ACT**
      Commissioner of Social Security,   )
15                                       )    (Doc. 23)
                                         )
16              Defendant.               )
                                         )
17    _____)

18

19         This matter is before the Court upon Plaintiff's application for attorneys' fees under the

20    Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The underlying action involved

21    Plaintiff's challenge to the final decision of the Commissioner of Social Security ("Defendant" or

22    the "Commissioner") that he was not disabled.  On August 31, 2010, this Court issued a decision

23    remanding the cause to the Commissioner for further administrative proceedings.  (Doc. 21.)

24         Plaintiff subsequently filed his EAJA application.  (Doc. 23.)  The Commissioner filed an

25    opposition, arguing that the Commissioner's position was substantially justified and that,

26    alternatively, the fee requested is unreasonable and should be reduced.  (Doc. 24.)  Plaintiff filed a

27    reply.  (Doc. 25.)

28

1    The present fee application raises an additional question not addressed by the parties:  May

2    Plaintiff recover attorneys' fees for work performed by Mr. Ralph Wilborn, who is not a member

3    of either the California Bar or the Bar of this Court?[1]

4    Local Rule 180(b) states that, "[e]xcept as otherwise provided herein, only members of the

5    Bar of this Court shall practice in this Court."  It is undisputed that Mr. Wilborn is not a member of

6    the California Bar or the Bar of this Court.  Therefore, the only exception that may apply is Local

7    Rule 180(b)(2), which governs admission *pro hac vice*.  It does not appear that Mr. Wilborn is

8    admitted, or has applied to be admitted, *pro hac vice*.  Even if he were admitted *pro hac vice,*

9    however, it is not clear that admission *pro hac vice* is appropriate to permit an attorney, who is not

10   a member of this Court's Bar, to practice regularly in unrelated cases before this Court.

11   The Ninth Circuit Court of Appeals addressed this question in *Winterrowd v. American*

12   *General Annuity Insurance Co.*, 556 F.3d 815 (9th Cir. 2009).  In *Winterrowd*, the Ninth Circuit held

13   that an Oregon attorney who was not admitted to the California State Bar or admitted to practice *pro*

14   *hac vice* in the Central District of California, could recover attorney fees for work in an action

15   prosecuted before the Central District of California.  The attorney did not physically appear before

16   the Central District, did not sign pleadings, had minimal contact with clients and no contact with

17   opposing counsel, and was supervised by an attorney who was admitted to the California State Bar

18   and who remained solely responsible to the clients.  *Winterrowd*, 556 F.3d at 825.  The recovery of

19   fees was premised, though, on a finding that the non-admitted attorney "would have certainly been

20   permitted to appear *pro hac vice*" had he or she applied.  *Id.* at 822.

21   *Winterrowd* is distinguishable from the instant arrangement in at least two significant

22   respects.  First, *Winterrowd* involved work in a single case.  Here, at least four applications for

23   EAJA fees have been filed in this Court in cases where Mr. Wilborn performed legal work.  *Blecher*

24

25

26   [1] According to his Declaration, Mr. Wilborn is a member of the Oregon State Bar and is admitted to practice in all Oregon state courts.  He is also admitted to practice before the United States District Court for the District of Oregon, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for Veterans Claims and the United States Supreme Court.  He resides in Arizona.

27

28                                                    2

1    *v. Astrue*, No. 1:09-cv-1234 DLB; *Singmuongthong v. Astrue*, No. 1:09-cv-1328 DLB; *Roberts v.*

2    *Astrue*, No. 1:09-cv-1581 DLB; *VonBerckefeldt v. Astrue*, No. 1:09-cv-1927 DLB.  In each of these

3    cases, the Court was unaware of Mr. Wilborn's involvement in the case until the fee application was

4    filed because he did not enter an appearance, his name was not on the caption, and he did not sign

5    any of the pleadings or filings.  In the Eastern District, an attorney is not eligible to practice *pro hac*

6    *vice* if the attorney (i) resides in California; (ii) is regularly employed in California; or (iii) is

7    regularly engaged in professional activities in California.  Local Rule 180(b)(2).  Mr. Wilborn's

8    continued legal work before this Court may make him ineligible for *pro hac vice* admission, and thus

9    the collection of EAJA fees.  *See Winterrowd*, 556 F.3d at 823 n.4 ("We do note, however, that if

10    the record indicated a reason why Wheatley, Sr., would *not* have been admitted *pro hac vice . . .* ,

11    we could end our inquiry here and refuse to allow the Winterrowd plaintiffs to collect fees for his

12    work.").

13          Second, the Ninth Circuit found that the conduct of the Oregon attorney who assisted in

14    *Winterrowd* "did not rise to the level of 'appearing' before the district court."  *Id.* at 823.  Rather,

15    the attorney "had the role of advising his son and reviewing [the] pleadings," and the Court

16    analogized this to the role of a "consultant."  *Id.* at 824.  Mr. Wilborn's role, however, went far

17    beyond that of a consultant or advisor.  As the fee application demonstrates, virtually all of the

18    research, factual and legal analysis and writing was performed by Mr. Wilborn.  *See, e.g.*, *Crismore*

19    *v. Astrue,* No. CV08-177-M-DWM-JCL, 2010 WL 1258188, at \*4-5 (D. Mont. Mar. 29, 2010)

20    (denying EAJA fees where the non-admitted attorney was not eligible to practice *pro hac vice* and

21    his role rose to the level of an appearance).

22          Therefore, the parties are ORDERED to submit additional briefing on this issue.

23        1.      Plaintiff's additional briefing is due within 14 days of the date of service of this

24                  order.  Plaintiff's additional briefing shall also include a declaration from both Ms.

25                  Bosavanh and Mr. Wilborn identifying ALL actions before this Court in which Mr.

26

27

28                                          3

1    Wilborn performed legal work.  This includes cases where Plaintiff was unsuccessful

2    in obtaining a remand and cases where the parties stipulated to an EAJA award.

3    2.    Defendant may file a reply within 7 days of service of Plaintiff's brief.

4    3.    If the parties fail to provide further briefing, the Court will decide the issue without

5    the benefit of the parties' input.

6

7    IT IS SO ORDERED.

8    **Dated:    May 16, 2011**                                /s/ **Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              4