# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD DOWNEY,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant.<br>_____ | 1:09-cv-0812 SKO<br><br>**ORDER THAT ANY SUPPLEMENTAL REQUESTS FOR EAJA FEES BE SUBMITTED WITHIN 20 DAYS** |

Plaintiff has filed an application for the award of EAJA fees in this case. (Doc. 23.) The Commissioner has filed a brief in opposition asserting both that his position in the litigation was substantially justified such that Plaintiff is not entitled to an award of EAJA fees. Further, even assuming his litigation position was not substantially justified, the amount of fees that Plaintiff requests is not reasonable. (Doc. 24.) Plaintiff filed a brief in reply to the Commissioner's opposition indicating the following:

> In addition to the fee warranted by the original EAJA application, this Court should, after the EAJA litigation is completed, consider Plaintiff's application (to be submitted) for an award of supplemental EAJA fees for the time expended litigating fee entitlement.

(Doc. 25, 22:13-16.)

Requests for additional EAJA awards for the time spent filing a reply brief should be included in the reply brief itself. Further, as of today, Plaintiff has submitted no supplemental EAJA

application. Plaintiff may not wait until the Court issues an order on Plaintiff's initial request for EAJA only to then submit a supplemental request for an award of attorney's fees for time Plaintiff's counsel expended long ago. *See* 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in the controversy.") Moreover, considering the entirety of Plaintiff's EAJA application(s) at one time promotes efficient judicial review.[1] *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990) (theoretically infinite litigation to recover fees for the last round of litigation over fees can spawn "Kafkaesque judicial nightmare").

Accordingly, IT IS HEREBY ORDERED that:

1. Any supplemental application for an award of EAJA fees must be filed within 20 days from the date of this order;

2. Requests for supplemental EAJA awards filed beyond this time will be considered untimely and out of compliance with a court order;

3. To the extent the Commissioner wishes to file an opposition to Plaintiff's supplemental request, he may do so within 20 days from the date Plaintiff's supplemental request is filed; and

4. **No reply to any opposition filed by the Commissioner shall be permitted.**

IT IS SO ORDERED.

**Dated:   November 21, 2011**                    /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] At this stage, the Court makes no finding whether EAJA fees may be awarded in this case, whether the Commissioner was substantially justified in his litigation position, or whether the amount of the EAJA award Plaintiff requests is reasonable.

2