# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD DOWNEY,<br><br>    Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1]<br><br>    Defendant.    / | Case No. 1:09-cv-00812-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 34) |

## I.  INTRODUCTION

On February 20, 2014, Sengthiene Bosavanh ("Counsel"), counsel for Plaintiff Willard Downey ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)").  (Doc. 34.)  Plaintiff (*see* Doc. 34-5) and Defendant Acting Commissioner of Social Security (through the Court's CM/ECF system) were served with copies of the motion for attorney's fees.  (*See* Doc. 34-5.)  Neither Plaintiff nor Defendant has filed any opposition to the motion since its filing in 2014.  The motion is therefore deemed unopposed.

For the reasons set forth below, Plaintiff's counsel's unopposed motion for an award of attorney's fees is granted in the amount of $44,735.28, subject to an offset of $7,777.02 in fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on April 11, 2012 (*see* Doc. 33).

---

[1] On July 9, 2021, Kilolo Kijakazi was named Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html.  She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant").

## II.     BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.)  The Court reversed Defendant's denial of benefits and remanded the case to the agency for further proceedings. (Doc. 21.)  Judgment was entered in favor of Plaintiff and against Defendant on August 31, 2010. (Doc. 22.)  On April 11, 2012, the Court awarded $7,777.02 in attorney fees under EAJA.  (Doc. 33.)

On remand, Defendant found Plaintiff disabled as of March 10, 2006.  (*See* Doc. 34-2 at 11–12.)  On January 10, 2014, Defendant issued a letter to Plaintiff awarding him $178,511.00 in back payments for the period September 2009 through September 2013, and reflecting a withholding of $44,735.28 of Plaintiff's past due benefits.  (*See* Doc. 34-3 at 2.)  On February 20, 2014, Counsel filed a motion for attorney's fees in the amount of $44,735.28, with an offset of $7,777.02 for EAJA fees already awarded.  (Doc. 34.)  It is Counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

## III.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).   "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).   The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government.  *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d

324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted.  *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.1

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases.  *Id*.  (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and the Law Offices of Jeffrey Milam, signed by Plaintiff and Counsel, provides:

> AMOUNT OF COURT FEE:  I and my attorneys agree that the attorneys' fee for representation before the federal court is separate from and in addition to any fee for representation before the agency.  The federal court attorneys' fee shall be the

**GREATER** of the following:

1) **25 (twenty-five) percent** of the past-due benefits resulting from my claim or claims (which I understand may exceed $750.00 per hour), **OR**

2) The amount of any award ordered pursuant to the Equal Access to Justice Act (EAJA).  EAJA fees are paid by an agency of the U.S. government-not out of the claimant's past-due benefits.  To the fullest extent permissible under law, I assign to my attorneys the right to receive any EAJA award(s) or check(s) in payment of award(s) directly in the attorneys' names.  My attorneys shall have the beneficial interest in the EAJA fee.  See 31 C.F.R. § 285(e)(5) (2010).  If the government issues checks in my (the claimant's) name for fees, costs, or expenses under any law which shifts to the government the responsibility for making such payments, I authorize my attorneys to sign and deposit such checks on my behalf, and immediately to take any amounts to which the attorneys are entitled under this contract. I authorize my attorneys to request that the court award beneficial interest in any costs, expenses, and/or EAJA fees to my attorneys, and that the government authority responsible for payment of such award(s) pay any and all amounts awarded directly to my attorneys in a check made payable to my attorneys and mailed to my attorneys' address, or via deposit to my attorneys' account. If any portion of a fee awarded in my case is taken by the federal government to pay any debt I owe, I agree immediately to reimburse my attorneys for the amount of the fee taken in payment of my debt.

3) I understand and agree that my attorneys may receive EAJA fees for obtaining a court order remanding my case for further administrative proceedings, even if I am not ultimately found disabled after such proceedings.  In order for my attorneys to become entitled to federal court fees paid out of my retroactive benefits, however, there must be a finding of disability *(made either by the court or by the Social Security Administration after remand from the court)* followed by an award of benefits to me and/or to other beneficiaries in association with my claim(s).  If the Social Security Administration sends to my attorney a court fee authorized under 42 U.S.C. *§* 406(b) which is larger than the fee my attorney is entitled to keep after offsetting any EAJA fee previously received by my attorney in connection with my claim, I instruct my attorney, on my behalf and as a convenience to me, to forward to my administrative attorney (if any) up to the amount of any then-unpaid fee due (or pending agency approval) from me for representation before the agency.

(Doc. 34-1 (signed October 20, 2010) (emphasis in original).)

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits.  Counsel and her co-counsel Ralph Wilborn spent 59.65 total hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration. (Doc. 34-4 (time sheets accounting for 15.4 hours spent by Ms. Bosavanh and 44.25 hours spent by Mr. Wilborn representing Plaintiff before this Court).)  There is no indication that a reduction of the

1    award is warranted due to any substandard performance by Plaintiff's counsel, as they secured a

2    successful result for Plaintiff.  There is also no evidence that counsel engaged in any dilatory conduct

3    resulting in delay.

4           Although the accepted range in the Fresno Division in non-contingency cases is between

5    $250 and $380 per hour for Mr. Wilborn and Ms. Bosavanh, given their respective experience levels,

6    *see Silvester v. Harris*, No. 1:11-cv-2137-AWI-SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17,

7    2014), here the effective hourly blended rate requested equals $749.96 per hour.  This hourly rate is

8    not excessive when compared to what the Ninth Circuit has approved in cases involving social

9    security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009)

10   (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875,

11   and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No.

12   1:11-cv-01291-SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective

13   hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB,

14   2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49

15   for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D.

16   Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa

17   v. Astrue,* No. CIV-S−06-0846-GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving

18   section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing

19   § 406(b) fees after *Crawford* is a dicey business").  Further, attorney's fees in the amount of

20   $44,735.28 equal the amount of the past-due award withheld and are not excessive in relation to that

21   award.  *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL

22   5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant

23   to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition

24   for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v.

25   Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting

26   petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57);

27   *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section

28   406(b) in the amount of $34,500).

1    In making this determination, the Court recognizes the contingent-fee nature of this case and

2    Counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  "District courts

3    generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn*

4    *v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett

5    contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in

6    successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'"

7    (quoting *Gisbrecht*, 535 U.S. at 807)).  Attorneys who agree to represent claimants pursuant to a

8    contingent fee agreement assume the risk of receiving no compensation for their time and effort if

9    the action does not succeed.  *Id.*  Here, Plaintiff's counsel accepted substantial risk of loss in

10   representing Plaintiff, whose application had already been denied at the administrative level.

11   Plaintiff agreed to the contingent fee.  (*See* Doc. 34-1.)  Working efficiently and effectively,

12   Plaintiff's counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

13   (*See* Docs. 34-2 & 34-3.)

14   An award of attorney's fees pursuant to section 406(b) in the amount of $44,735.28 is,

15   therefore, appropriate.  An award of section 406(b) fees, however, must be offset by any prior award

16   of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  As

17   Plaintiff was previously awarded $7,777.02 in fees pursuant to the EAJA, Counsel shall refund this

18   amount to Plaintiff.

19   **IV.      CONCLUSION AND ORDER**

20   For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant

21   to section 406(b) are reasonable.  Accordingly, IT IS ORDERED that:

22   1.      Counsel's unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. §

23   406(b) in the amount of $44,735.28 (Doc. 34) is granted;

24   2.      Counsel shall refund to Plaintiff $7,777.02 of the section 406(b) fees awarded as an

25   offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 33); and

26   3.      Counsel for Plaintiff shall file on the Court's docket proof of service of this order

27   upon Plaintiff at his current or last known address.

28

6

IT IS SO ORDERED.

Dated:   __**December 13, 2021**__                    _____/s/ *Sheila K. Oberto*_____

                                                  UNITED STATES MAGISTRATE JUDGE